980 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
RESOLUTION TRUST CORPORATION, as receiver for Security
Federal Savings Association, Plaintiff-Appellee,
v.
Frances R. SHIELD, Defendant-Appellant.
 Nos. 92-1402, 92-1592.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 27, 1992
Decided: December 3, 1992
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge.
 Argued: Thomas Hunt Roberts, Roberts Professional Law Corporation, Richmond, Virginia, for Appellant.
 James Strother Crockett, Jr., Mays & Valentine, Richmond, Virginia, for Appellee.
 On Brief: Panos S. Midis, Mays & Valentine, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Office of Thrift Supervision appointed the Resolution Trust Corporation ("RTC") as receiver for the failed Security Federal Savings Association. The RTC sued Frances R. Shield to collect the outstanding balance on a defaulted $400,000 note signed by her. After the RTC moved for summary judgment on the note, Shield made a cross-motion for summary judgment, raising as a defense to the RTC's claims that her liability was limited to twenty percent of the indebtedness. Shield was unable, however, to produce an executed copy of the addendum which she claimed altered the plain terms of the note. In addition, the RTC's custodian for Security Federal's records filed an affidavit stating that no addendum was found in those records. The RTC maintains that Security Federal never agreed to limit Shield's liability and thus that the absence of the addendum from Security Federal's records poses no mystery.
 
 
 2
 The district court concluded that Shield's defense was barred as a matter of law by the doctrine of D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942). The D'Oench, Duhme doctrine, as codified at 12 U.S.C. § 1823(e), precludes debtors from using agreements not found in a bank's records to defeat recovery by federal banking regulators. The district court further concluded that none of the other documents offered by Shield were sufficient to establish the alleged twenty percent limitation on her liability.
 
 
 3
 Shield contends on appeal that the district court erred in its application of the D'Oench, Duhme doctrine to her defense. Having examined the record in this case, we find no error in the district court's reasoning. The district court has thoroughly canvassed the issues presented on appeal, and for the reasons expressed in its opinion, we affirm the judgment.
 
 AFFIRMED